ZOILA GLORIA Y MARÍA EUGENIA LÓPEZ, demandantes y recurrentes, *v.* VÍCTOR DÍAZ CANALES Y FEDERAL INSURANCE COMPANY, demandados y recurridos.

Número: R-68-322    Resuelto: 10 de diciembre de 1971

---

[1] El procedimiento consiste en utilizar las órdenes oficiales de compra de Courtesy Motors.

*Ángel Viera Martínez* y *César Andreu Ribas,* abogados de las recurrentes; *Francisco Ponsa Feliú, Wilson F. Colberg* y *Miguel A. Valldejuli,* abogados de los recurridos.

PER CURIAM: El Tribunal Superior, Sala de San Juan, dictó sentencia declarando sin lugar las demandas en reclamación de daños y perjuicios provenientes de un accidente de automóviles, interpuestas por Zoila Gloria López y su hermana María Eugenia López y Employers Mutuals of Wausau, subrogada ésta en los daños sufridos por el vehículo de Zoila Gloria López, contra Víctor Díaz Canales y su aseguradora U.S. Casualty Company.

Los errores señalados en este recurso, excepto uno de ellos, van dirigidos a atacar la apreciación de la prueba hecha por el tribunal sentenciador.

El accidente ocurrió entre 6:00 y 6:30 de la tarde del 15 de junio de 1962 en la carretera Estatal Núm. 110 que conduce de Moca a Mayagüez y consistió en la colisión del vehículo marca Pontiac-Tempest, propiedad y conducido allí y entonces por la demandante Zoila Gloria López, quien iba acompañada de su señora madre doña Gloria Martín Pabón, y el vehículo marca Ford, conducido allí por su dueño, el demandado Víctor Díaz Canales. Como consecuencia de las lesiones recibidas en ese accidente, falleció la señora Martín Pabón; la codemandante doña Zoila Gloria López sufrió lesiones graves y lo mismo puede decirse del demandado, aunque en menor grado.

No hubo testigos presenciales del accidente, excepto la co-demandante doña Zoila Gloria López y el demandado señor Díaz Canales.

Existe un conflicto irreconciliable entre las versiones de ambos en cuanto a la forma como ocurrió el accidente. La versión de la demandante y su prueba fue al efecto de que el día del accidente ella conducía su automóvil marca Pontiac-Tempest, modelo 1961, por la carretera estatal Núm. 110 en dirección de Moca hacia Mayagüez. Le acompañaba su señora madre. Antes de ocurrir el accidente la demandante iba subiendo una pendiente. Arriba había una planicie y una semicurva estrecha. Al salir de la semicurva discurría por su carril derecho y entonces se encontró que el vehículo del demandado venía en dirección contraria por el mismo carril que ocupaba el vehículo de ella. Tiró hacia la izquierda para evitar la colisión pero el demandado también desvió su vehículo hacia la izquierda y ahí la impactó de frente. Los vehículos quedaron destrozados, unidos uno al otro casi al medio de la carretera. La primera persona en llegar allí fue Ramón Figueroa quien testificó en el juicio por parte de la demandante. Depuso este testigo que él conducía su automóvil por la carretera de Mayagüez hacia Moca; que momentos antes del accidente, le pasó un automóvil Ford como a 35 millas en una curva peligrosa que resbala; que en esa curva hay rótulos de

advertencia de su condición peligrosa; que pocos segundos después sintió un impacto, creyó que era un accidente, adelantó la marcha de su vehículo y más adelante encontró el accidente; que uno de los vehículos envueltos en el accidente era el Ford que le había pasado momentos antes; que estaba claro, el pavimento era bastante bueno y estaba seco; que los vehículos estaban unidos, completamente destrozados, bastante al centro de la carretera; no completamente de frente sino medio inclinados. El testigo no presenció el accidente; éste ocurrió como a un hectómetro de donde le pasó el Ford; por ambos lados de los vehículos chocados podía pasar un automóvil.

Por el contrario, la prueba del demandado tendió a establecer que cuando se aproximaba a la semicurva, como a una distancia de 30 pies, apareció el vehículo de la demandante, brincando, dando bandazo, como barriéndose, fuera de control. "Yo empecé a parar en seguida. Me tiré hacia la derecha. El carro ya había perdido todo el control, se tiró hacia mi derecha y me embistió cuando yo estaba mitad en el pavimento y la otra mitad fuera del pavimento." Su vehículo recibió el impacto en el frente izquierdo a un ángulo como de 120 grados.

El tribunal sentenciador dio crédito al testimonio del demandado y considerando la demás prueba que éste presentó, concluyó:

"3—Al salir de una curva hacia la izquierda, la demandante Zoila Gloria López perdió el control de su vehículo y empezó a dar zig-zags a la vez que seguía corriendo en la dirección que traía hacia Mayagüez. Como 100 metros después de haber salido de la curva en esas condiciones, y ya en una recta que tiene como 300 metros, el vehículo conducido por dicha co-demandante invadió el carril derecho del demandado Víctor Díaz Canales y se estrelló contra el vehículo de éste, el cual se encontraba en el momento del impacto casi detenido en su derecha cerca del talud por haber aplicado los frenos, y con las ruedas del lado derecho del vehículo metidas dentro del paseo, y fuera del área pavimen-

tada de la carretera, como dos o tres pies de donde termina ésta."

En esta forma el tribunal sentenciador dirimió·el conflicto en la prueba a favor del demandado. Hemos examinado detenidamente la transcripción de la evidencia así como la prueba documental presentada por las partes y no podemos convenir con las recurrentes en que al así hacerlo el tribunal sentenciador incurriera en error.

El testimonio del demandado respecto al sitio donde ocurrió la colisión y posición en que quedaron ambos vehículos, está corroborado por el entonces fiscal señor Sergio Vélez González, quien se personara aquella tarde, al sitio del accidente en cumplimiento de los deberes de su cargo. En unas fotografías ofrecidas por el demandado, el referido funcionario identificó el sitio y posición en que quedaron los vehículos después de la colisión, confirmando sobre lo que a ese respecto había declarado el demandado. Respecto a esos extremos la declaración del demandado fue también corroborada por el policía señor Victorio Santiago, quien se personó en aquel sitio para investigar el accidente.

La prueba de la demandante sosteniendo que después de la colisión, el tránsito de automóviles podía discurrir por ambos lados de los vehículos chocados, fue contradicha no solamente por el demandado, sino también por el señor fiscal y el policía ya mencionados. En las fotografías puede observarse claramente que el vehículo del demandado quedó después de la colisión, en su extrema derecha con sus dos ruedas, derechas, como de dos a tres pies, fuera del encintado de la carretera. Esto obviamente es contrario a la teoría de que los vehículos chocados quedaron casi al centro de la carretera. Tuvo pues, el juez sentenciador ante sí otros hechos suficientes para conceder, como concedió, crédito al testimonio del demandado. Las conclusiones de hecho formuladas por el juez sentenciador no son erróneas y por lo tanto, no debemos alterarlas en revisión. Creída como fue la versión del deman-

dado, no hay base para concluir que si no en todo, por lo menos el demandado fue negligente en parte.

■ Se señala como error el haber el tribunal dictado sentencia antes de recibir una certificación del Departamento de Obras Públicas sobre el ancho, sus carriles, los paseos y orillas de la carretera donde ocurrió el accidente y cambio, si alguno, en la enumeración del kilometraje, y para lo cual el tribunal había concedido tiempo a la parte demandante.

La prueba ofrecida por ambas partes en cuanto al sitio específico donde ocurrió el accidente hacen referencia al ancho de la carretera, sus carriles y paseos. Aun concediendo que se cometiera el error señalado, el mismo no justificaría la revocación de las sentencias revisadas. Sería altamente especulativo, en vista de toda la prueba que consideró el tribunal sentenciador, suponer que la referida certificación pudiera cambiar el criterio de aquel tribunal en cuanto a la forma como ocurrió el accidente y la causa próxima del mismo. En las fotografías admitidas en evidencia pueden apreciarse los detalles que contendría la certificación aunque no con exactitud matemática, y sobre ellos hay una explicación detallada en la prueba.

En vista de que las conclusiones del tribunal sentenciador determinando que la causa próxima y única del accidente fue la negligencia de la demandante, no tenemos base para dejar sin efecto el pronunciamiento sobre la temeridad de las demandantes y exonerarlas de la condena al pago de honorarios de abogado.

*Se confirmará la sentencia objeto de este recurso.*

El Juez Presidente, Señor Negrón Fernández, y los Jueces Asociados, Señores Hernández Matos y Martín, no intervinieron.